UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

XUXANYC CUNNINGHAM,

        Plaintiff,

v.

Case No. 8:24-cv-21-JRK

LELAND C. DUDEK,
Acting Commissioner of Social
Security, [1]

        Defendant.

## OPINION AND ORDER[2]

### I.  Status

Xuxanyc Cunningham ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of fibromyalgia, endometriosis, and scoliosis. Transcript of Administrative Proceedings (Doc. No. 13; "Tr." or "administrative transcript"),

---

[1]   Leland C. Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Dudek is substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]   The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

filed March 11, 2024, at 60, 68, 219. Plaintiff protectively filed an application for SSI on August 24, 2020, alleging a disability onset date of January 6, 2020.[3] Tr. at 192-93; see Tr. at 194-205. The application was denied initially, Tr. at 59, 60-67, 77-87, 90-93, and upon reconsideration, Tr. at 68-75, 76, 106-07.[4]

On June 1, 2023, an Administrative Law Judge ("ALJ") held a hearing, during which Plaintiff (represented by counsel) and a vocational expert ("VE") testified.[5] Tr. at 43-58. On September 21, 2023, the ALJ issued a Decision finding Plaintiff not disabled since the date the SSI application was filed. See Tr. at 10-30.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her lawyer. See Tr. at 4-5 (Appeals Council exhibit list and order), 190-91 (request for review), 304 (brief). On December 4, 2023, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On January 3, 2024, Plaintiff commenced this action under 42 U.S.C. § 405(g), as

---

[3] There are two SSI applications in the administrative transcript. One was filed January 5, 2021. Tr. at 194. The other was filed September 29, 2020. Tr. at 192. The administrative transcript reflects the protective filing date is August 24, 2020. Tr. at 60, 68.

[4] Some of these cited documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[5] The hearing was held via telephone, with Plaintiff's consent. Tr. at 10, 45, 149-50, 175.

incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ erred by "failing to adequately evaluate [Plaintiff's] complaints regarding her migraine headaches." Memorandum in Opposition to the Commissioner's Decision (Doc. No. 21; "Pl.'s Mem."), filed July 10, 2024, at 3 (emphasis and capitalization omitted). On August 6, 2024, Defendant responded to Plaintiff's argument by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 23; "Def.'s Mem."). After a thorough review of the entire record and the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that

---

[6]   "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 12-30. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since August 24, 2020, the application date." Tr. at 12 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: myalgia; cervical and lumbar disc bulging at C3-C7 and L4-S1; scoliosis; chronic intractable cervical, thoracic, and lumbosacral strains with palpable fibromyositis; post-traumatic cephalalgia; chronic pain syndrome; fibromyalgia syndrome; obesity; post-traumatic stress disorder (PTSD); and unspecified psychological factors affecting other medical conditions." Tr. at 12 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 13 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform less than the full range of light work as defined in 20 CFR [§] 416.967(b). [Plaintiff] can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently; can stand and/or walk for up to six hours, and sit for up to six hours in an eight-hour workday; and requires an option to adjust position from sitting or standing in 1-2 hour intervals while remaining on task. In addition, [Plaintiff] can occasionally climb ramps or stairs, ladders, or scaffolds; can occasionally stoop, kneel, crouch, or crawl; and can frequently balance. [Plaintiff] can also only occasionally work around high exposed places or around moving mechanical parts. Additionally, [Plaintiff] can only perform simple, routine, and repetitive tasks; can only understand, remember, and carry out simple instructions; and can adapt to no more than occasional changes in the work setting.

Tr. at 17 (emphasis omitted).

At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 28 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("28 years old . . . on the date the application was filed"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 28 (emphasis and citation omitted), such as "Marker," "Garment Sorter," and "Assembler II," Tr. at 29. The ALJ concluded Plaintiff "has not been under a disability . . . since August 24, 2020, the date the application was filed." Tr. at 30 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

According to Plaintiff, the ALJ failed to determine whether her headaches are severe at step two and then failed to adequately consider them at later steps. Pl.'s Mem. at 3-7. As to the later steps, Plaintiff argues the ALJ failed to adequately discuss Plaintiff's allegations about how headaches affect her and then elected not to account for the headaches in assigning the RFC. Id. Responding, Defendant argues that the ALJ found the headaches to be severe at step two and then adequately accounted for them—to the extent Plaintiff's allegations were accepted—in the assigned RFC. Def.'s Mem. at 5-14.

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.2d at 1223.

The Regulations provide that an ALJ "will" consider the following factors related to symptoms such as pain:

> (i) [The claimant's] daily activities; (ii) The location, duration, frequency, and intensity of [the claimant's] pain or other symptoms; (iii) Precipitating and aggravating factors; (iv) The type, dosage, effectiveness, and side effects of any medication [the claimant] take[s] or ha[s] taken to alleviate [his or her] pain or other symptoms; (v) Treatment, other than medication, [the claimant] receive[s] or ha[s] received for relief of [his or her] pain or other symptoms; (vi) Any measures [the claimant] use[s] or ha[s] used to relieve [his or her] pain or other symptoms . . .; and (vii) Other factors concerning [the claimant's] functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii); see Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1277 (11th Cir. 2024). The factors must be considered "in relation to other evidence in the record and whether the claimant's statements conflict with other evidence." Raper, 89 F.4th at 1277 (citation omitted); see 20 C.F.R. § 404.1529(c)(4). To reject the claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R.

§ 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the ALJ adequately assessed Plaintiff's subjective complaints and the evidence before him, ultimately arriving at an RFC that is supported by substantial evidence. Contrary to Plaintiff's contention, the ALJ identified Plaintiff's headaches, by using the medical term "cephalalgia," as severe at step two. Tr. at 12. The ALJ then found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. at 18.

The ALJ summarized Plaintiff's testimony, including her allegation that "severe migraines" contribute to her belief she is disabled. Tr. at 18; see Tr. at 46. The ALJ specifically referred to Plaintiff's contention that Plaintiff's "migraine medications only somewhat helped alleviate her pain, which occurs

around 4-5 times per week and could last up to 1-2 hours, despite medication and rest in a dark room." Tr. at 18; see Tr. at 48. The ALJ then recognized Plaintiff's testimony that "her multiple medications caused her to feel sleepy and caused frequent urination." Tr. at 18; see Tr. at 48-49.

According to the ALJ, Plaintiff's statements "are internally inconsistent and somewhat unsupported by the reported information" from earlier in the administrative process. Tr. at 18-19. The ALJ then detailed all of the activities that Plaintiff reported being able to do. Tr. at 19 (citing Exs. 5E and 10E, located at Tr. at 237-44, 259-66). Next, the ALJ turned to the medical evidence. Tr. at 19. In a very thorough summary of the medical records, the ALJ detailed the documentation about Plaintiff's mainly post-traumatic headaches (stemming from car accidents) and other impairments. See Tr. at 18-24. The ALJ often noted the "conservative" medication as treatment, Tr. at 20, 21, 23, as well as "improvement from medication, heat, and injection therapy" for the headaches and other impairments, Tr. at 22; see Tr. at 23.

At the end of the day, the ALJ determined "the available evidence shows that [Plaintiff's] symptoms are adequately controlled with both conservative and over the counter medication, that she is able to ambulate effectively at a reduced level of exertion without an assistive device, and that she is able to function adequately in routine activities of daily living with occasional and/or little assistance." Tr. at 27-28. The assigned RFC did not need to include any

additional limitations accounting for Plaintiff's headaches because the ALJ adequately explained why Plaintiff's subjective complaints about their severity were only partially accepted. Substantial evidence supports the ALJ's findings, and they need not be disturbed.

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. Based on the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 14, 2025.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record